UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOLMAN BUILDING ASSOCIATES, LP,<br><br>Plaintiff,<br><br>v.<br><br>AMCO INSURANCE COMPANY,<br><br>Defendant. | Case No.  5:17-cv-00899-EJD<br><br>**ORDER REMANDING CASE** |

On February 24, 2017, Magistrate Judge Nathanael Cousins issued an order to show cause regarding subject matter jurisdiction requiring Defendant AMCO Insurance Company ("AMCO") to file a response "presenting facts to the Court demonstrating that each member of [Plaintiff Holman Building Associates LP] is diverse from AMCO."  Dkt. No. 6.  Judge Cousins observed that in a diversity action involving a limited partnership like this one, the court must consider the citizenship of each limited partner in assessing the existence of federal jurisdiction.  Id. (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990); Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 569 (2004)); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (holding that a limited partnership "is a citizen of every state of which its owners/members are citizens").  AMCO's Notice of Removal was facially defective because it did not supply this information for each partner of Holman Building Associates LP, despite AMCO's obligation to provide it.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006) (Because "federal courts lack jurisdiction unless the contrary

1

Case No.: 5:17-cv-00899-EJD
ORDER REMANDING CASE

appears affirmatively from the record, the party asserting federal jurisdiction when it is challenged has the burden of establishing it.").

This case has since been reassigned to the undersigned, and AMCO filed a timely response to the order to show cause indicating that it lacks knowledge of the residence locations for any of Holman Building Associates LP's partners. Dkt. No. 12. It also states, however, that counsel has confirmed in an email that no partners are residents of AMCO's state of incorporation and principal place of business. Id.

AMCO's response does not satisfy its burden to affirmatively demonstrate federal subject matter jurisdiction under these circumstances. Statements like the one offered by AMCO, which does not for each of the partners of Holman Building Associates LP "identify of what state they are a citizen nor whether they are composed of another layer of partnerships," have been rejected by the Ninth Circuit as too conclusory to establish complete diversity. Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 Fed. Appx. 62, 65 (9th Cir. 2011).

Despite an opportunity to correct its deficient Notice of Removal, AMCO has not adequately established diversity of the parties. The court must therefore presume that it lacks jurisdiction to proceed further. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (holding that "[i]t is to be presumed that a cause lies outside" federal jurisdiction). Accordingly, this action is REMANDED to Monterey County Superior Court.

The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: March 6, 2017

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-00899-EJD
ORDER REMANDING CASE

2